UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONTE ALBERT,

                Plaintiff,

   v.

PIERCE COUNTY, et al.,

                Defendants.

CASE NO. C25-6139 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Grady J. Leupold's Order granting pro se plaintiff Monte Albert's application to proceed *in forma pauperis* based on his indigency, Dkt. 5, leaving to this Court evaluation of whether Albert's proposed complaint, Dkt. 6, asserts a facially plausible claim and should be served.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

ORDER - 1

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Albert's complaint does not meet this standard. He seeks to sue Pierce County, its Superior Court Clerk, Kevin Stock; the Superior Court's offices services supervisor, Kayla Ayers; and various "John Doe" Superior Court clerk staff under 42 U.S.C. § 1983 for violating his constitutional right to access the Court's administrative records. He claims he requires, and was unlawfully denied access, "transcripts, email logs, routing records, redaction procedures," as well as all communications between Superior Court judicial and administrative staff and Army personnel. Dkt. 60 at 2–3.

ORDER - 2

Albert's proposed amended complaint, Dkt. 10 at 3, seeks only to add as a defendant the Pierce County public records officer Tyler Wherry, asserting that his failures to provide this information (including "bench notes") also violated Superior Court General Rule (GR) 31.1[1] and Albert's constitutional rights by failing to provide the information he sought.

Albert asserts he wants this information to "reveal how and whether external military personnel interacted with court staff regarding his case." *Id*. at 3. The case to which he refers is not clear, but his other allegations suggest that he was the subject of a Domestic Violence Protection Order. He asserts a *Monell* claim against the Pierce County Superior Court, alleging that it "has institutionalized a low threshold, rapid approval process for DVPOs under which such orders are "routinely granted with no inquiry, and that the court's findings, bench notes and administrative logs are not preserved." *Id*. at 2. He asserts that the combination of "rubber stamp protection orders plus opacity" creates a system that is insulated for post judgment scrutiny.

Albert does not name the Pierce County Judge who presided over his case, perhaps recognizing that absolute judicial immunity would bar that claim at the outset. He also asserts that he is "not challeng[ing] any judicial ruling," Dkt. 6 at 1, perhaps recognizing that this Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and

---

[1] Albert may be able to obtain some of the information he seeks under Washington's Public Records Act, but there is no allegation he has attempted to do so.

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

But Albert has not pled his way around these hurdles, and he has failed to state a plausible claim.

First, Pierce County is a municipality, not a "person" subject to suit under 42 U.S.C. § 1983. It is beyond debate that the state is not a "person" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); and *Doe v. Lawrence Livermore Nat'l Lab*, 131 F.3d 836, 839 (9th Cir. 1997).

Second, his attempt to couch his claim as a *Monell* claim based on the County's "policy" of "rubber stamping DVPO applications" is not plausible. He seeks to obtain monetary and other relief from the county based on the decision of a Pierce County Superior Court Judge. He is asking this Court to determine that the DVPO was issued in error, and was unconstitutional. Under *Rooker Feldman*, it does not have jurisdiction to do so.

Nor is Albert's attempt to couch his claim as a First Amendment request for access to the Court's internal processes effective. He has cited no authority for the proposition that he has a constitutional right to such internal communications, and the Court is aware of none. GR 31.1(m) itself expressly provides that "chambers records are not administrative records and are not subject to disclosure." But that is exactly what Albert seeks, to support his appeal of the DVPO.

ORDER - 4

Equally unavailing is the attempt to name court staff as defendants as a way around judicial immunity. Judicial staff are also entitled to absolute immunity "when they perform tasks that are an integral part of the judicial process," unless they act in the "clear absence of all jurisdiction." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). This immunity cannot be overcome by allegations of legal error, bad faith, or malice. Albert cannot state a plausible claim against the court staff.

Nor has Albert pointed to any authority clearly establishing that the staff has a constitutional obligation to provide Albert the "inside information" he seeks about the decisions made in his case, and he cannot. Even if the conduct violated GR 31.1, that is not a constitutional violation remediable in this Court.

Ordinarily, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Albert's claim relates only to his effort to obtain "inside information" about the DVPO that was apparently entered against him, under GR 31.1, the First Amendment, and the Due Process clause, in order to attack that Order. He asks the Court to declare that the Superior Court's redaction practices violated his rights, and he is necessarily asking this Court to conclude that the resulting DVPO was unconstitutional. This claim is

ORDER - 5

not plausible and he cannot make it plausible by filing another amended complaint. The case is **DISMISSED** with prejudice.

Albert's premature motion for service by the U.S. Marshal, Dkt. 9, and his motion to amend to add Wherry as a defendant, Dkt. 10, are **DENIED**.

The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6